UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENYA HOPKINS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| INDIANA STATE DEPT. OF CORRECTIONS, MICHAEL NESBITT, BRIAN BALL, CHRIS CHRISTOPHERSON, STEVEN KEEVER, | ) No. 1:13-cv-01885-SEB-TAB |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Defendants Indiana Department of Correction, Michael Nesbitt, Brian Ball, Chris Christopherson, and Steven Keever have filed a Motion to Dismiss [Dkt. No. 12] the Employment Discrimination Complaint filed by *pro* se litigant Plaintiff Kenya Hopkins. Defendants argue that Ms. Hopkins's Complaint is impermissibly vague by its failure to meet the pleading standards set forth by Rule 8 of the Federal Rules of Civil Procedure. Ms. Hopkins has filed no response in opposition to Defendants' Motion. For the reasons explicated below, Defendants' Motion is GRANTED and Ms. Hopkins's Complaint is DISMISSED WITHOUT PREJUDICE.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a claim, the court considers all allegations in the complaint to be true and draws

such reasonable inferences as required in the plaintiff's favor. Jacobs v. City of Chicago, 215 F.3d 758, 765 (7th Cir. 2000). In order to survive a challenge under this rule, a complaint must have "facial plausibility"-- that is, the plaintiff must provide factual material sufficient to support an inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. If a claim has been satisfactorily stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, at this stage of the litigation, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." Sanjuan v. Am Bd. Of Psychiatry and Neurology, Inc., 40 F. 3d 247, 251 (7th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires plaintiff to provide a short, plain statement of the claim that will "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. However, such "notice" pleading does not require the facts in the complaint to be pled with particularity unless the complaint alleges fraud. Fed. R. Civ. P. 9(b). The plausibility standard calls for a "context-specific inquiry that requires the court to drawn on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Ms. Hopkins's Complaint fails to meet the requirements of controlling caselaw as well as Rule 8's notice pleading standards. The Complaint makes no reference whatsoever to the Indiana Department of Corrections, Brian Ball, Chris Christopherson, or Steven Keever, which is reason enough to dismiss Ms. Hopkins's claims against these individuals. Furthermore, the only allegation related to Michael Nesbitt states as follows:

> Officer Michael Nesbitt's statements regarding the facts were not all inclusive. The fact that Mr. Nesbitt stated that he was touched in a non-sexual manner but stated cause as physical & verbal harassment is an oxymoron. The witness used verbage [sic] which would cause his testimony & its truthfulness to be brought into question.

This allegation (confusing, at best) clearly fails to provide notice to Officer Nesbitt or any other of the Defendants of Ms. Hopkins's legal claims against them  Accordingly, Defendants' Motion is <u>GRANTED</u> and the Complaint is <u>DISMISSED WITHOUT PREJUDICE</u>, pursuant to Federal Rule of Civil Procedure 12(b)(6).

    IT IS SO ORDERED.

Dated:   07/08/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENYA HOPKINS
2210 Fescue Pl. #B
Indianapolis, IN 46260

Aileen E. Wenzel
INDIANA ATTORNEY GENERAL
Aileen.Wenzel@atg.in.gov

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov